UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALVA E. BEARDSON,<br><br>           Plaintiff,<br><br>           v.<br><br>FRANCISCAN ALLIANCE, INC. d/b/a<br>FRANCISCAN HEALTH,<br><br>           Defendant. | CAUSE NO.: 2:20-CV-269-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court on a fully briefed Partial Motion to Dismiss Pursuant to Rule 12(b)(6) and Motion for a More Definite Statement Pursuant to Rule 12(e) [ECF No. 10], filed by Defendant Franciscan Alliance, Inc. d/b/a Franciscan Health. For the reasons set forth below, the Court denies the Motion to Dismiss and grants the Motion for a More Definite Statement.

**BACKGROUND**

Plaintiff Alva E. Beardson began working for the Defendant in approximately April 2005. Compl. ¶ 9, ECF No. 1.[1] On September 18, 2019, the Defendant terminated the Plaintiff's employment. *Id*. at ¶¶ 17–19. The Plaintiff filed a Charge of Discrimination ("Charge") with the EEOC on February 25, 2020, alleging discrimination based on race, age, and retaliation in violation of Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Compl. Ex. A, ECF No. 1-1; *see also* Compl. ¶ 20. On March 3,

---

[1] These facts are taken from the allegations of the Plaintiff's Complaint [ECF No. 1] and the Plaintiff's Affidavit [ECF No. 16] submitted with her response brief. *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (explaining that facts alleged by a plaintiff in a brief or affidavit in opposition to a motion to dismiss "may be considered when evaluating the sufficiency of a complaint so long as they are consistent of the allegations in the complaint") (citations omitted).

2020, the EEOC issued a Dismissal and Notice of Rights ("Notice"), which warned that any federal lawsuit brought based on the Charge must be filed within 90 days of receipt of the Notice. *See* Compl. Ex. B, ECF No. 1-2.

As a result of the COVID-19 pandemic that began shortly after the Notice was issued, the Plaintiff was concerned about the deadline to file her federal lawsuit. Pl.'s Aff. ¶ 6, ECF No. 16. On April 7, 2020, the EEOC "announced that, due to the COVID-19 pandemic, it has temporarily suspended issuing case closure documents, like right-to-sue notices, unless requested by the claimant." Compl. ¶ 23. The "Plaintiff spoke twice to Robert Shelton, EEOC investigator, who misled [her] into reliance upon the moratorium as an extension to file suit on previously-issued Right-to-Sue letters." *Id.* at ¶ 24; *see also* Pl.'s Aff. ¶¶ 7, 8. In mid-June 2020, the Plaintiff contacted an attorney who explained that the EEOC moratorium was only designed to stop the issuance of notice-of-right-to-sue letters and advised that he was not aware of an extension of any deadline arising prior to the COVID-19 moratorium. Pl.'s Aff. ¶ 10, 11. The attorney gave her the contact information of local attorney Patrick McEuen, and she immediately contacted his office. *Id.* at ¶ 12. Because of the COVID-19 pandemic, the Plaintiff was unable to meet with counsel to file suit until July 13, 2020. Compl. at ¶ 25.

On July 16, 2020, the Plaintiff filed her Complaint, bringing claims under the ADEA, Title VII, and the Family and Medical Leave Act. *Id.* ¶ 1. Both the EEOC Charge and the EEOC Notice are attached to the Complaint. *See* Compl. Exs. A, B.

## LEGAL STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in favor of the plaintiff. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). The court considers both "the

complaint itself" as well as "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012)).

A motion to dismiss based on a statute of limitations defense qualifies as a motion to dismiss for failure to state a claim. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (citing *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005)). However, "[d]ismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (quoting *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)). Although a court may dismiss a complaint if the plaintiff alleges facts sufficient to establish a statute of limitations defense, such a dismissal "is appropriate only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Id*. (citations and internal quotation marks omitted).

## ANALYSIS

**A.     Motion to Dismiss**

The Defendant seeks dismissal of the Plaintiff's Title VII and ADEA claims as time-barred because the Plaintiff failed to file this lawsuit within 90 days of receiving the Notice from the EEOC. In response, the Plaintiff asserts the doctrine of equitable tolling.

A plaintiff must file suit under Title VII and the ADEA within 90 days from the date she receives the notice of right to sue. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999) (citations omitted). The Defendant asserts the presumption, undisputed by the Plaintiff, that letters are received five days from the mailing date. *See* Def.'s Mem. 6, ECF No. 11; *see also Hardiman v. Lipnic*, 455 F. Supp. 3d 693, 702

(N.D. Ill. 2020) (citing *Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989); *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001)). Here, the Notice was issued on March 3, 2020. Assuming that she received the Notice on Monday, March 9, 2020, the Plaintiff had until June 8, 2020, to timely file her lawsuit.[2] The Plaintiff did not file her Complaint until July 16, 2020, which is at least 130 days after she received the Notice.

However, the Plaintiff invokes equitable tolling, asserting that the Court should toll the filing deadline because the Plaintiff was given misinformation by the EEOC regarding the deadline for her to file her federal lawsuit. "A litigant is entitled to equitable tolling if [she] shows (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Lee v. Cook County*, 635 F.3d 969, 972 (7th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631 (2010)). Shortly after the Plaintiff received the Notice in March 2020, the COVID-19 outbreak was declared a national emergency. *See* Proclamation No. 9994, 85 FR 15337, 2020 WL 1272563 (Mar. 13, 2020). The EEOC's moratorium temporarily suspending the issuance of case closure documents, such as right-to-sue notices, was issued on April 7, 2020. Compl. ¶ 23. As a result, the Plaintiff spoke twice to an EEOC Investigator who "misled [her] into reliance upon the moratorium as an extension to file suit on previously-issued Right-to-Sue letters." *Id.* at ¶ 24. Then, because of the COVID-19 pandemic, she was unable to meet with counsel to file suit until July 13, 2020. *Id.* at ¶ 25.

At this stage of the litigation, the Plaintiff has sufficiently alleged a claim of equitable tolling to preclude dismissal based on the Defendant's statute of limitations defense. *See Day v. Niles Twp. High Sch. Dist. 219 Bd. of Educ.*, No. 20 C 5772, 2020 WL 7641273, at *2 (N.D. Ill. Dec. 23, 2020) (denying a motion to dismiss on statute of limitations grounds because the

---

[2] Federal Rule of Civil Procedure 6(a)(1)(C) directs that when the last day of a time period is a Sunday, the period continues to run until the end of the next day that is a not a Sunday or a legal holiday. Notably, the Plaintiff identifies the filing deadline as June 1, 2020. *See* Pl.'s Resp. 2, ECF No. 17.

plaintiff had asserted a viable basis for a claim of equitable tolling, in part, based on being turned away from the courthouse due to COVID-19 pandemic-related closures). The Court denies the Motion to Dismiss.

**B.      Motion for More Definite Statement**

In both its Motion for More Definite Statement [ECF No. 10] and the supporting Memorandum of Law [ECF No. 11], the Defendant sets out in detail those portions of the Complaint for which it seeks a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). In response, the Plaintiff does not object to the request and proposes filing an Amended Complaint to provide the requested clarification. Accordingly, the Court grants the Motion for More Definite Statement and orders the Plaintiff to file an Amended Complaint that addresses each of the Defendant's requests for clarification.

## CONCLUSION

Based upon the foregoing, the Court DENIES in part and GRANTS in part the Partial Motion to Dismiss Pursuant to Rule 12(b)(6) and Motion for a More Definite Statement Pursuant to Rule 12(e) [ECF No. 10], denying the Motion to Dismiss and granting the Motion for More Definite Statement. The Court ORDERS the Plaintiff to file, on or before July 12, 2021, an Amended Complaint that states each cause of action in a separate count and provides a more definite statement of her claims consistent with the Defendant's Motion to Dismiss and supporting Memorandum of Law. *See* ECF Nos. 10, 11.

SO ORDERED on June 10, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT