UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALVA E. BEARDSON     Plaintiff,     v.  FRANCISCAN ALLIANCE, INC., d/b/a FRANCISCAN HEALTH     Defendant. | ) ) ) ) ) ) Case No.: 2:20-cv-00269 ) Judge Theresa L. Springmann ) Magistrate Judge Joshua P. Kolar ) ) ) |

## PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

Plaintiff, by counsel Patrick B. McEuen of McEUEN LAW OFFICE, files this complaint against the Defendant, and states to the court as follows:

### Jurisdiction and Venue

1. This action arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et.seq.*; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*; and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

2. This action seeks redress for discrimination and retaliation in employment based upon race, Black, and in retaliation for engaging in protected activity, as well as age, and for violation of the Family and Medical Leave Act, and jurisdiction is situated with this Court pursuant to 28 U.S.C. §1343(a)(4).

3. The claims made in this Complaint occurred and arose in the State of Indiana, in this District. Venue is therefore proper under 28 U.S.C. §1391 and 28 U.S.C. §1331.

4. Plaintiff seeks damages under federal law pursuant to the claims for relief specified below, in amounts to be established at trial.

5. This Court has authority to award costs and attorney's fees pursuant to 29 U.S.C. § 2617 and other applicable provisions of the cited Acts.

6. This Court also has jurisdiction over any pendent state claims Plaintiff has brought, pursuant to 28 U.S.C. §1367.

**Parties**

7. Plaintiff was, at all times relevant, an "eligible employee" within the meaning of the FMLA and she engage in protected activity as condition precedent of the retaliation claim set forth herein.

8. Franciscan Alliance, Inc., d/b/a "Franciscan Health" (hereinafter "Franciscan") is an employer with more than 1,000 employees within the United States Judicial District for the Northern District of Indiana, and at all times relevant was an "employer" within the meaning of the FMLA.

**Statement of Facts**

9. Plaintiff began her employment with Franciscan in approximately April 2005.

10. Franciscan was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

11. At the time of the incidents relevant hereto, Plaintiff was employed by Franciscan at its business location in Dyer, Indiana, and later, Hammond, Indiana.

12. On or about April 3, 2019, Plaintiff was given adverse employment action by her supervisor, Katherine Horn, who directed Plaintiff to take a one (1) day "Decision Making Leave" to determine if Plaintiff wanted to remain in her employment.

13. That same day, Plaintiff's daughter was diagnosed with breast cancer.

14. On April 12, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission asserting the Decision Making Leave was the result of Plaintiff's race (Black) and age (56) discrimination.

15. In May 2019, Plaintiff applied for, and was approved for, intermittent days and hours of leave under the Family and Medical Leave Act.

16. During Plaintiff's approved intermittent leave, on or about, Monday, September 16, 2019, Plaintiff gave Franciscan appropriate notice of her need to be absent from work and applied for a modified intermittent leave schedule which would accommodate Plaintiff's daughters daily radiation therapy, to permit Plaintiff to transport her daughter to and from radiation therapy in the mornings while still accomplishing her daily employer-required tasks, both in person and remotely.

17. That evening or afternoon, September 16, 2019, Plaintiff received a "meeting invite" from Katherine Horn's direct supervisor, Annette Kopp, requesting a meeting with Plaintiff on September 18, 2019.

18. Plaintiff was led to believe this meeting was a department meeting; however, upon arrival, Plaintiff was confronted by a human resources employee, Kellee Link, and Annette Kopp was also present.

19. At the outset of the meeting, Kellee Link advised Plaintiff of the decision to terminate Plaintiff's employment.

20. On February 25, 2020, Plaintiff filed a Charge of Discrimination in relation to her September 18, 2019, discharge, asserting discrimination based upon race (Black), age (56) and in retaliation for her prior protected actions in filing EEOC charges and applying for, and receiving approved intermittent leave pursuant to the Family and Medical Leave Act. Attached hereto and

incorporated herein as if fully set forth as Exhibit "A" is a true and correct copy of the Plaintiff's February 25, 2020, Charge of Discrimination.

21.     On March 3, 2020, Plaintiff was issued a Notice of Right to Sue. Attached hereto and incorporated herein as if fully set forth as Exhibit "B" is a true and correct copy of the Plaintiff's March 3, 2020, Notice of Right to Sue.

22.     On or about March 11, 2020, Plaintiff's daughter died, and on March 13, 2020, President Trump issued a Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak.

23.     On or about April 7, 2020, the U.S. Equal Employment Opportunity Commission (EEOC) announced that, due to the COVID-19 pandemic, it has temporarily suspended issuing case closure documents, like right-to-sue notices, unless requested by the claimant.

24.     After April 7, 2020, Plaintiff spoke twice to Robert Shelton, EEOC Investigator, who misled Plaintiff into reliance upon the moratorium as an extension to file suit on previously-issued Right-to-Sue letters.

25.     Due to the COVID-19 pandemic, Plaintiff was unable to meet with counsel to file suit until July 13, 2020, and this Complaint was filed at Plaintiff's earliest available date.

**COUNT I – Title VII Race Discrimination**

26.     Plaintiff realleges and incorporates the allegation of Paragraphs 1-25 as if fully set forth herein.

27.     This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 on the basis of Plaintiff's race and color.

28. Franciscan has engaged in discriminatory employment conduct against Plaintiff, including but not limited to, termination of Plaintiff's employment, failure to promote Plaintiff, unequal terms and conditions of Plaintiff's employment, and retaliation.

29. Plaintiff has exhausted her administrative remedies.

30. As a direct and proximate result of Franciscan's violation of Title VII, Plaintiff is entitled to equitable relief including reinstatement, and legal remedies including back pay, front pay, an award of costs, and an award of attorney's fees.

**COUNT II – Age Discrimination in Employment**

31. Plaintiff realleges and incorporates the allegation of Paragraphs 1-25 as if fully set forth herein.

32. This action is brought for discrimination in employment pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634, on the basis of Plaintiff's age, 56.

33. Franciscan has engaged in discriminatory employment conduct against Plaintiff, including but not limited to, termination of Plaintiff's employment, failure to promote Plaintiff, unequal terms and conditions of Plaintiff's employment, and retaliation.

34. Plaintiff has exhausted her administrative remedies.

35. As a direct and proximate result of Franciscan's violation of the Age Discrimination in Employment Act, Plaintiff is entitled to equitable relief including reinstatement, and legal remedies including back pay, front pay, an award of costs, and an award of attorney's fees.

**COUNT III – Family Medical Leave Act Violation**

36. Plaintiff realleges and incorporates the allegation of Paragraphs 1-25 as if fully set forth herein.

37. This action is brought for discrimination in employment pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

38. The FMLA provides employees with the right to be reinstated to the same or an equivalent position after taking protected leave.

39. Franciscan violated the FMLA by terminating Plaintiff's employment and refusing to reinstate Plaintiff to her prior position or to an equivalent position with substantially similar work and compensation upon Plaintiff's return to work.

40. Franciscan interfered with, restrained, and/or denied Plaintiff's exercise of her rights under the FMLA by refusing her request for protected leave and refusing to be reinstated to her full time position or a reasonably equivalent full time position.

41. Franciscan's failure to represent to Plaintiff a decision on her requested FMLA leave is both a violation of the FMLA and estops Franciscan from claiming her FMLA leave was denied (or expired) prior to the termination of Plaintiff's employment on September 18, 2019.

42. Franciscan knew or should have known that silence regarding Plaintiff's requested FMLA leave on or about September 16, 2019, amounts to deception by concealment; thereby making it impossible for Plaintiff to know that Franciscan would terminate Plaintiff for her requested FMLA leave.

43. Franciscan's failure or refusal to advise Plaintiff that her requested FMLA leave was denied, and that Plaintiff would be terminated, interfered with Plaintiff's rights to take FMLA leave previously approved.

**COUNT IV – Retaliation and Interference under Title VII and the FMLA**

44. Plaintiff realleges and incorporates the allegation of Paragraphs 1-25 as if fully set forth herein.

45. Since at least September 2019, Franciscan has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by terminating the employment of Plaintiff because she opposed discriminatory practices and participated in an EEOC proceeding.

46. Following Plaintiff's filing of a Title VII claim with the EEOC for race-based discrimination, on April 12, 2019, Franciscan undertook retaliatory adverse employment action against Plaintiff, including termination.

47. Following approval of Plaintiff's intermittent leave under the Family Medical Leave Act in May 2019, Franciscan undertook retaliatory adverse employment action against Plaintiff for exercising her federally-protected rights, including termination.

48. The effect of the adverse employment decisions described above by Franciscan has been to deprive Plaintiff of equal employment opportunities in retaliation for exercising her federally protected rights, by retaliating for filing a Title VII charge, and further retaliating for Plaintiff's exercise of her rights under the FMLA.

49. The unlawful employment practices described above were intentional.

50. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

51. Franciscan interfered with the exercise of Plaintiff's right to participate in a Title VII charge of discrimination arising from Franciscan's forced "Decision Making Leave" in April 2019.

52. Franciscan interfered with the exercise of Plaintiff's right to participate in unpaid leave pursuant to an approved intermittent leave schedule under the FMLA, including terminating Plaintiff's employment, ordering Plaintiff not to take leave or discouraging Plaintiff from taking leave, and failing to provide Plaintiff a written notice detailing the specific expectations and obligations of Plaintiff during approved leave and explaining any consequences of a failure to meet these obligations.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

a. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to all applicable statutes prohibiting race, color and age discrimination, as well as 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii)

b. Additional liquidated damages in the amount of the above-requested award, pursuant to all applicable statutes prohibiting race, color and age discrimination, as well as 29 U.S.C.A. § 2617(a)(1)(A)(iii).

c. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to all applicable statutes prohibiting race, color and age discrimination, as well as 29 U.S.C.A. § 2617(a)(1)(B).

d. Attorney's fees, expert witness fees, and costs of this action, pursuant to all applicable statutes prohibiting race, color and age discrimination, as well as 29 U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable.

          Respectfully submitted,

          /s/ Patrick B. McEuen
          Patrick B. McEuen, Atty. No. 17441-45
          McEUEN LAW OFFICE
          6382 Central Avenue
          Portage, Indiana 46368
          (219) 762-7738
          Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 9th day of July, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

          */s/ Patrick B. McEuen*