# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ALVA E. BEARDSON,<br><br>        Plaintiff,<br><br>v.<br><br>FRANCISCAN ALLIANCE, INC., d/b/a<br>FRANCISCAN HEALTH,<br><br>        Defendant. | Case No. 2:20-cv-00269<br><br>Honorable Judge Theresa L. Springmann<br><br>Magistrate Judge Joshua P. Kolar |

## DEFENDANT'S ANSWER AND DEFENSES
## TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

NOW COMES Defendant Franciscan Alliance, Inc., d/b/a Franciscan Health Dyer Hammond Munster [1] (incorrectly named in the caption as "Franciscan Alliance, Inc. d/b/a Franciscan Health"), by and through its attorneys, Seyfarth Shaw LLP, and for its Answer and Defenses to Plaintiff's Amended Complaint for Damages, states as follows:

### Jurisdiction and Venue

**COMPLAINT ¶1:**

This action arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.*; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*; and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

**ANSWER:** Defendant admits that Plaintiff purports to bring this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.*; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*; and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

**COMPLAINT ¶2:**

This action seeks redress for discrimination and retaliation in employment based upon race, Black, and in retaliation for engaging in protected activity, as well as age, and for violation of the

---

[1] For purposes of the of the allegations set forth herein, where Plaintiff refers to Defendant as "Franciscan", Defendant will answer with respect to Franciscan Alliance, Inc., d/b/a Franciscan Health Dyer Hammond Munster, the correct entity.

Family and Medical Leave Act, and jurisdiction is situated with this Court pursuant to 28 U.S.C. §1343(a)(4).

**ANSWER:** Defendant admits that Plaintiff purports to seek redress for discrimination and retaliation in employment based upon her race, Black, and in retaliation for engaging in protected activity, as well as age, and for violations of the Family and Medical Leave Act, and jurisdiction is situated with this Court pursuant to 28 U.S.C. §1343(a)(4). Defendant denies engaging in any unlawful conduct and denies any remaining allegations in Paragraph 2 of the Amended Complaint.

**COMPLAINT ¶3:**

The claims made in this Complaint occurred and arose in the State of Indiana, in this District. Venue is therefore proper under 28 U.S.C. §1391 and 28 U.S.C. §1331.

**ANSWER:** Defendant admits that Plaintiff alleges that the claims made in the Amended Complaint occurred and arose in the State of Indiana, in this District. Defendant admits that venue is proper under 28 U.S.C. §1391 and 28 U.S.C. §1331. Defendant denies engaging in any unlawful conduct and denies any remaining allegations in Paragraph 3 of the Amended Complaint.

**COMPLAINT ¶4:**

Plaintiff seeks damages under federal law pursuant to the claims for relief specified below, in amounts to be established at trial.

**ANSWER:** Defendant admits that Plaintiff purports to seek damages under federal law pursuant to the claims for relief specified in the Amended Complaint and purportedly in amounts to be established at trial. Defendant denies that it engaged in any unlawful conduct and denies that Plaintiff is entitled to the relief sought or any relief whatsoever. Defendant denies any remaining allegations in Paragraph 4 of the Amended Complaint.

**COMPLAINT ¶5:**

This Court has authority to award costs and attorney's fees pursuant to 29 U.S.C. § 2617 and other applicable provisions of the cited Acts.

**ANSWER:** Defendant admits the allegations in Paragraph 5 of the Amended Complaint, but denies that it engaged in any unlawful conduct and denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

**COMPLAINT ¶6:**

This Court also has jurisdiction over any pendent state claims Plaintiff has brought, pursuant to 28 U.S.C. §1367.

**ANSWER:** Defendant admits the allegations in Paragraph 6 of the Amended Complaint.

### Parties

**COMPLAINT ¶7:**

Plaintiff was, at all times relevant, an "eligible employee" within the meaning of the FMLA and she engage [sic] in protected activity as condition precedent of the retaliation claim set forth herein.

**ANSWER:** Paragraph 7 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 7 of the Amended Complaint.

**COMPLAINT ¶8:**

Franciscan Alliance, Inc., d/b/a "Franciscan Health" (hereinafter "Franciscan") is an employer with more than 1,000 employees within the United States Judicial District for the Northern District of Indiana, and at all times relevant was an "employer" within the meaning of the FMLA.

**ANSWER:** Defendant admits that it employed more than 1,000 employees within the United States Judicial District for the Northern District of Indiana and was an "employer" within the meaning of the FMLA. Defendant denies the remaining allegations in Paragraph 8 of the Amended Complaint.

### Statement of Facts

**COMPLAINT ¶9:**

Plaintiff began her employment with Franciscan in approximately April 2005.

**ANSWER:** Defendant admits the allegations in Paragraph 9 of the Amended Complaint.

**COMPLAINT ¶10:**

Franciscan was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

**ANSWER:** Defendant admits the allegations in Paragraph 10 of the Amended Complaint.

**COMPLAINT ¶11:**

At the time of the incidents relevant hereto, Plaintiff was employed by Franciscan at its business location in Dyer, Indiana, and later, Hammond, Indiana.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to what "incidents" Plaintiff believes are relevant for purposes of this allegation and therefore, denies the allegations in Paragraph 11 of the Amended Complaint.

**COMPLAINT ¶12:**

On or about April 3, 2019, Plaintiff was given [sic] adverse employment action by her supervisor, Katherine Horn, who directed Plaintiff to take a one (1) day "Decision Making Leave" to determine if Plaintiff wanted to remain in her employment.

**ANSWER:** Defendant admits that in April 2019, Plaintiff was issued a "Decision Making Leave Notice." Defendant denies the remaining allegations in Paragraph 12 of the Amended Complaint.

**COMPLAINT ¶13:**

That same day, Plaintiff's daughter was diagnosed with breast cancer.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore, denies the allegations.

**COMPLAINT ¶14:**

On April 12, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission asserting the Decision Making Leave was the result of Plaintiff's race (Black) and age (56) discrimination.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Amended Complaint, and therefore, denies the allegations.

**COMPLAINT ¶15:**

In May 2019, Plaintiff applied for, and was approved for, intermittent days and hours of leave under the Family and Medical Leave Act.

**ANSWER:** Defendant admits that it approved Plaintiff for intermittent leave under the Family Medical Leave Act in 2019. Defendant denies the remaining allegations in Paragraph 15 of the Amended Complaint.

**COMPLAINT ¶16:**

During Plaintiff's approved intermittent leave, on or about, Monday, September 16, 2019, Plaintiff gave Franciscan appropriate notice of her need to be absent from work and applied for a modified intermittent leave schedule which would accommodate Plaintiff's daughters daily radiation therapy, to permit Plaintiff to transport her daughter to and from radiation therapy in the mornings while still accomplishing her daily employer-required tasks, both in person and remotely.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's daughter in Paragraph 16 of the Amended Complaint and therefore denies these allegations. Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

That evening or afternoon, September 16, 2019, Plaintiff received a "meeting invite" from Katherine Horn's direct supervisor, Annette Kopp, requesting a meeting with Plaintiff on September 18, 2019.

**ANSWER:** Defendant admits that Katherine Horn's direct supervisor, Annette Kopp, sent Plaintiff a meeting invite for a meeting with Plaintiff on September 18, 2019. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17 of the Amended Complaint.

**COMPLAINT ¶18:**

Plaintiff was led to believe this meeting was a department meeting; however, upon arrival, Plaintiff was confronted by a human resources employee, Kellee Link, and Annette Kopp was also present.

**ANSWER:** Defendant admits Plaintiff met with Kellee Link and Annette Kopp on September 18, 2019. Defendant denies the remaining allegations in Paragraph 18 of the Amended Complaint.

**COMPLAINT ¶19:**

At the outset of the meeting, Kellee Link advised Plaintiff of the decision to terminate Plaintiff's employment.

**ANSWER:** Defendant admits the allegations in Paragraph 19 of the Amended Complaint.

**COMPLAINT ¶20:**

On February 25, 2020, Plaintiff filed a Charge of Discrimination in relation to her September 18, 2019, discharge, asserting discrimination based upon race (Black), age (56) and in retaliation for her prior protected actions in filing EEOC charges and applying for, and receiving approved intermittent leave pursuant to the Family and Medical Leave Act. Attached hereto and incorporated herein as if fully set forth as Exhibit "A" is a true and correct copy of the Plaintiff's February 25, 2020, Charge of Discrimination.

**ANSWER:** Defendant admits that on February 25, 2020, Plaintiff filed a Charge of Discrimination in relation to her discharge on September 18, 2019 and that a copy of the Charge is attached to the Amended Complaint as Exhibit A. Defendant further admits that Plaintiff alleged race discrimination, age discrimination, and retaliation in her Charge of Discrimination. Defendant denies the remaining allegations in Paragraph 20 of the Amended Complaint.

**COMPLAINT ¶21:**

On March 3, 2020, Plaintiff was issued a Notice of Right to Sue. Attached hereto and incorporated herein as if fully set forth as Exhibit "B" is a true and correct copy of the Plaintiff's March 3, 2020, Notice of Right to Sue.

**ANSWER:** Defendant admits that on March 3, 2020 the EEOC issued a "Dismissal and Notice of Rights" on Plaintiff's February 25, 2020 Charge of Discrimination and that a copy of the Dismissal and Notice of Rights is attached to the Amended Complaint as Exhibit B. Defendant denies the remaining allegations in Paragraph 21 of the Amended Complaint.

**COMPLAINT ¶22:**

On or about March 11, 2020, Plaintiff's daughter died, and on March 13, 2020, President Trump issued a Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 22 of the Amended Complaint concerning Plaintiff's daughter's death, and therefore, denies these allegations. Defendant admits the remaining allegation in Paragraph 22 of the Amended Complaint.

**COMPLAINT ¶23:**

On or about April 7, 2020, the U.S. Equal Employment Opportunity Commission (EEOC) announced that, due to the COVID-19 pandemic, it has temporarily suspended issuing case closure documents, like right-to-sue notices, unless requested by the claimant.

**ANSWER:** Defendant admits the allegations in Paragraph 23 of the Amended Complaint.

**COMPLAINT ¶24:**

After April 7, 2020, Plaintiff spoke twice to Robert Shelton, EEOC Investigator, who misled Plaintiff into reliance upon the moratorium as an extension to file suit on previously-issued Right-to-Sue letters.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Amended Complaint, and therefore, denies the allegations.

**COMPLAINT ¶25:**

Due to the COVID-19 pandemic, Plaintiff was unable to meet with counsel to file suit until July 13, 2020, and this Complaint was filed at Plaintiff's earliest available date.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Amended Complaint, and therefore, denies the allegations.

### COUNT I – Title VII Race Discrimination

**COMPLAINT ¶26:**

Plaintiff realleges and incorporates the allegation of Paragraphs 1-25 as if fully set forth herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 25 of the Amended Complaint, as if fully restated herein.

**COMPLAINT ¶27:**

This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 on the basis of Plaintiff's race and color.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 on the basis of Plaintiff's race and color.

**COMPLAINT ¶28:**

Franciscan has engaged in discriminatory employment conduct against Plaintiff, including but not limited to, termination of Plaintiff's employment, failure to promote Plaintiff, unequal terms and conditions of Plaintiff's employment, and retaliation.

**ANSWER:** Defendant denies the allegations in Paragraph 28 of the Amended Complaint.

**COMPLAINT ¶29:**

Plaintiff has exhausted her administrative remedies.

**ANSWER:** Defendant admits that on March 3, 2020 the EEOC issued a "Dismissal and Notice of Rights" on Plaintiff's February 25, 2020 Charge of Discrimination. Defendant denies the remaining allegations in Paragraph 29 of the Amended Complaint.

**COMPLAINT ¶30:**

As a direct and proximate result of Franciscan's violation of Title VII, Plaintiff is entitled to equitable relief including reinstatement, and legal remedies including back pay, front pay, an award of costs, and an award of attorney's fees.

**ANSWER:** Defendant denies the allegations in Paragraph 30 of the Amended Complaint.

## COUNT II – Age Discrimination in Employment

**COMPLAINT ¶31:**

Plaintiff realleges and incorporates the allegation of Paragraphs 1-25 as if fully set forth herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 25 of the Amended Complaint, as if fully restated herein.

**COMPLAINT ¶32:**

This action is brought for discrimination in employment pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634, on the basis of Plaintiff's age, 56.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action for discrimination in employment pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634, on the basis of Plaintiff's age, 56.

**COMPLAINT ¶33:**

Franciscan has engaged in discriminatory employment conduct against Plaintiff, including but not limited to, termination of Plaintiff's employment, failure to promote Plaintiff, unequal terms and conditions of Plaintiff's employment, and retaliation.

**ANSWER:** Defendant denies the allegations in Paragraph 33 of the Amended Complaint.

**COMPLAINT ¶34:**

Plaintiff has exhausted her administrative remedies.

**ANSWER:** Defendant admits that on March 3, 2020 the EEOC issued a "Dismissal and Notice of Rights" on Plaintiff's February 25, 2020 Charge of Discrimination. Defendant denies the remaining allegations in Paragraph 34 of the Amended Complaint.

**COMPLAINT ¶35:**

As a direct and proximate result of Franciscan's violation of the Age Discrimination in Employment Act, Plaintiff is entitled to equitable relief including reinstatement, and legal remedies including back pay, front pay, an award of costs, and an award of attorney's fees.

**ANSWER:** Defendant denies the allegations in Paragraph 35 of the Amended Complaint.

### COUNT III – Family Medical Leave Act Violation

**COMPLAINT ¶36:**

Plaintiff realleges and incorporates the allegation of Paragraphs 1-25 as if fully set forth herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 25 of the Amended Complaint, as if fully restated herein.

**COMPLAINT ¶37:**

This action is brought for discrimination in employment pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

**ANSWER:** Defendant admits that Plaintiff purports to bring this action for discrimination in employment pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

**COMPLAINT ¶38:**

The FMLA provides employees with the right to be reinstated to the same or an equivalent position after taking protected leave.

**ANSWER:** Paragraph 38 of the Complaint states a legal conclusion to which no response is required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

Franciscan violated the FMLA by terminating Plaintiff's employment and refusing to reinstate Plaintiff to her prior position or to an equivalent position with substantially similar work and compensation upon Plaintiff's return to work.

**ANSWER:** Defendant denies the allegations in Paragraph 39 of the Amended Complaint.

**COMPLAINT ¶40:**

Franciscan interfered with, restrained, and/or denied Plaintiff's exercise of her rights under the FMLA by refusing her request for protected leave and refusing to be reinstated to her full time position or a reasonably equivalent full time position.

**ANSWER:** Defendant denies the allegations in Paragraph 40 of the Amended Complaint.

**COMPLAINT ¶41:**

Franciscan's failure to represent to Plaintiff a decision on her requested FMLA leave is both a violation of the FMLA and estops Franciscan from claiming her FMLA leave was denied (or expired) prior to the termination of Plaintiff's employment on September 18, 2019.

**ANSWER:** Defendant denies the allegations in Paragraph 41 of the Amended Complaint.

**COMPLAINT ¶42:**

Franciscan knew or should have known that silence regarding Plaintiff's requested FMLA leave on or about September 16, 2019, amounts to deception by concealment; thereby making it impossible for Plaintiff to know that Franciscan would terminate Plaintiff for her requested FMLA leave.

**ANSWER:** Defendant denies the allegations in Paragraph 42 of the Amended Complaint.

**COMPLAINT ¶43:**

Franciscan's failure or refusal to advise Plaintiff that her requested FMLA leave was denied, and that Plaintiff would be terminated, interfered with Plaintiff's rights to take FMLA leave previously approved.

**ANSWER:** Defendant denies the allegations in Paragraph 43 of the Amended Complaint.

## COUNT IV – Retaliation and Interference under Title VII and the FMLA

**COMPLAINT ¶44:**

Plaintiff realleges and incorporates the allegation of Paragraphs 1-25 as if fully set forth herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 25 of the Amended Complaint, as if fully restated herein.

**COMPLAINT ¶45:**

Since at least September 2019, Franciscan has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by terminating the employment of Plaintiff because she opposed discriminatory practices and participated in an EEOC proceeding.

**ANSWER:** Defendant denies the allegations in Paragraph 45 of the Amended Complaint.

**COMPLAINT ¶46:**

Following Plaintiff's filing of a Title VII claim with the EEOC for race-based discrimination, on April 12, 2019, Franciscan undertook retaliatory adverse employment action against Plaintiff, including termination.

**ANSWER:** Defendant denies the allegations in Paragraph 46 of the Amended Complaint.

**COMPLAINT ¶47:**

Following approval of Plaintiff's intermittent leave under the Family Medical Leave Act in May 2019, Franciscan undertook retaliatory adverse employment action against Plaintiff for exercising her federally-protected rights, including termination.

**ANSWER:** Defendant denies the allegations in Paragraph 47 of the Amended Complaint.

**COMPLAINT ¶48:**

The effect of the adverse employment decisions described above by Franciscan has been to deprive Plaintiff of equal employment opportunities in retaliation for exercising her federally protected rights, by retaliating for filing a Title VII charge, and further retaliating for Plaintiff's exercise of her rights under the FMLA.

**ANSWER:** Defendant denies the allegations in Paragraph 48 of the Amended Complaint.

**COMPLAINT ¶49:**

The unlawful employment practices described above were intentional.

**ANSWER:** Defendant denies the allegations in Paragraph 49 of the Amended Complaint.

**COMPLAINT ¶50:**

The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 50 of the Amended Complaint.

**COMPLAINT ¶51:**

Franciscan interfered with the exercise of Plaintiff's right to participate in a Title VII charge of discrimination arising from Franciscan's forced "Decision Making Leave" in April 2019.

**ANSWER:** Defendant denies the allegations in Paragraph 51 of the Amended Complaint.

**COMPLAINT ¶52:**

Franciscan interfered with the exercise of Plaintiff's right to participate in unpaid leave pursuant to an approved intermittent leave schedule under the FMLA, including terminating Plaintiff's employment, ordering Plaintiff not to take leave or discouraging Plaintiff from taking leave, and failing to provide Plaintiff a written notice detailing the specific expectations and obligations of Plaintiff during approved leave and explaining any consequences of a failure to meet these obligations.

**ANSWER:** Defendant denies the allegations in Paragraph 52 of the Amended Complaint.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

a. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to all applicable statutes prohibiting race, color and age discrimination, as well as 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii)

b. Additional liquidated damages in the amount of the above-requested award, pursuant to all applicable statutes prohibiting race, color and age discrimination, as well as 29 U.S.C.A. § 2617(a)(1)(A)(iii).

c. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to all applicable statutes prohibiting race, color and age discrimination, as well as 29 U.S.C.A. § 2617(a)(1)(B).

d. Attorney's fees, expert witness fees, and costs of this action, pursuant to all applicable statutes prohibiting race, color and age discrimination, as well as 29 U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem just and proper.

**ANSWER:** Defendant denies that it engaged in any unlawful conduct and denies that it is liable for any alleged conduct. Defendant further denies that Plaintiff is entitled to the relief sought or any other relief.

## DEFENSES

### FIRST DEFENSE

To the extent Plaintiff's retaliation, age discrimination, or race discrimination claims are beyond the scope of her underlying Charge of Discrimination, such claims are barred as a matter of law.

### SECOND DEFENSE

Plaintiff may not pursue any claims barred by the applicable statute of limitations, including but not limited to the 90-day period Plaintiff had to file a lawsuit based on her EEOC charge(s) of discrimination.

### THIRD DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, to the extent she has failed to mitigate her damages.

**FOURTH DEFENSE**

Defendant engaged in good faith efforts to comply with the law and had reasonable grounds to believe that any act or omission taken was not a violation of the law. Further, Defendant did not act in a willful, wanton, or grossly negligent manner with respect to Plaintiff.

**FIFTH DEFENSE**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred to the extent that Plaintiff's claims were discharged in bankruptcy or otherwise not properly reported in any bankruptcy filing as required by law, and thus, Plaintiff does not have standing to pursue these claims.

**SIXTH DEFENSE**

To the extent that Plaintiff alleges that any of Defendant's employees or agents acted in an improper or illegal manner, such conduct, if it occurred, was outside the course and scope of their employment, was not authorized, ratified, or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any conduct alleged to violate the FMLA, Title VII, the ADEA, or any other applicable law, and because Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

**EIGHTH DEFENSE**

Plaintiff is not entitled to liquidated damages because Defendant made good faith efforts to comply with the FMLA and the ADEA, any acts or omissions giving rise to Plaintiff's claims

were undertaken or made in good faith and were not willful, and Defendant had reasonable grounds for believing that its actions or omissions did not violate the FMLA and the ADEA.

### NINTH DEFENSE

Any claim against Defendant for punitive damages is barred as this relief is not permitted under the FMLA or the ADEA.

Defendant reserves the right to amend its Answer and to assert additional defenses as may become available or apparent during the court of this litigation, in accordance with applicable Court rules and orders.

WHEREFORE, Defendant Franciscan Alliance, Inc., d/b/a Franciscan Health Dyer Hammond Munster prays that this Court enter judgment in its favor and against Plaintiff on all claims, dismiss this action with prejudice, and award it all relief that the Court deems just and appropriate.

DATED: July 23, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/Christina Jaremus*
    Christina Jaremus, Bar No. 6316657
    cjaremus@seyfarth.com
    Karla E. Sanchez
    ksanchez@seyfarth.com
    SEYFARTH SHAW LLP
    233 South Wacker Drive
    Suite 8000
    Chicago, Illinois 60606-6448
    Telephone:    (312) 460-5000
    Facsimile:    (312) 460-7000

    *Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I, Christina Jaremus, an attorney, certify that on July 23, 2021, I electronically filed the foregoing **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Patrick B. McEuen
>McEUEN LAW OFFICE
>6382 Central Avenue
>Portage, Indiana 46368
>Telephone: (219) 762-7738
>patrick@mceuenlaw.com
>*Attorney for Plaintiff*

By: */s/ Christina Jaremus*