**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

ALVA E. BEARDSON,

   Plaintiff,

  v.            CAUSE NO.: 2:20-CV-269-TLS

FRANCISCAN ALLIANCE, INC. d/b/a
FRANCISCAN HEALTH,

   Defendant.

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Objection to Motion for Bill of Costs [ECF No. 54], filed on January 3, 2024, objecting to the Defendant's Bill of Costs [ECF No. 52]. For the reasons stated below, the Court sustains in part and overrules in part the Plaintiff's Objection, and the Court grants the Defendant's Bill of Costs for an amount different than requested.

## BACKGROUND

The Plaintiff Alva E. Beardson filed an Amended Complaint [ECF No. 26] against the Defendant Franciscan Alliance, Inc., d/b/a Franciscan Health, bringing claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et seq. (Title VII), the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (ADEA), and the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. (FMLA).

In this case, the parties initially agreed to depose the Plaintiff for 7 hours. Pl. Obj. 2, ECF No. 54. The Plaintiff was deposed on July 29, 2022. Def. Ex. A, ECF No. 55-1. The court reporter time billed for the deposition was 7.5 hours. Def. Ex. 2, p. 1, ECF No. 52-2. However, during the first deposition, Defendant's counsel expressed that the non-responsive answers by

the Plaintiff to her questions was causing delay. Def. Ex. A, p. 301. Plaintiff's counsel responded

that he could not stay longer because of a prior obligation. *Id*. p. 302. Plaintiff's counsel then

said, "I'm offering to make [the Plaintiff] available for as many—two, three more hours as you

need, but it's not going to be today." *Id*. He added, "[W]e are agreeing to make [the Plaintiff]

available for the conclusion of this deposition for as long as [Defendant's counsel] needs within

the next two weeks." *Id*. p. 303. A second deposition was held on August 17, 2022, for which 3

hours of court reporter time was billed. Def. Ex. 2, p. 2, ECF No. 52-2.

The parties agreed to a discovery closure deadline of September 10, 2022. ECF No. 34.

Thereafter, the Court set the dispositive motion deadline for November 14, 2022, which was

extended until December 2, 2022. ECF Nos. 37, 39.

On December 2, 2022, the Defendant filed a Motion for Summary Judgment [ECF No.

40], arguing that the Plaintiff's claims failed as a matter of law. The Plaintiff filed a response

[ECF No. 46] on February 12, 2023, and the Defendant filed a reply [ECF No. 47] on March 13,

2023.

On December 20, 2023, the Court granted the Defendant's request for summary

judgment. Op. & Ord., ECF No. 50. Afterward, the Clerk of Court entered judgment against the

Plaintiff and in favor of the Defendant. ECF No. 51.

On January 2, 2024, the Defendant filed a Bill of Costs seeking $4,154.84 in fees for

printed or electronically recorded transcripts, attaching in support an August 9, 2022 invoice and

a September 22, 2022 invoice. ECF No. 52; Def. Ex. 2, ECF No. 52-2. On January 3, 2024, the

Plaintiff filed her objections [ECF No. 54], objecting to $1,112.04 of the fees; and the Defendant

filed its reply [ECF No. 55] on January 10, 2024. This matter is fully briefed and ripe for ruling.

## ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]he 'prevailing party' is the party who prevails as to the substantial part of the litigation." *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) (emphasis omitted). Here, the Court granted the Defendant's Motion for Summary Judgment and directed the Clerk of Court to enter judgment in favor of the Defendant and against the Plaintiff. Accordingly, the Defendant is the prevailing party.

Recoverable costs are specified in 28 U.S.C. § 1920 and include (1) fees of the clerk and marshal; (2) fees of the court reporter for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. There is a presumption in favor of awarding costs to the prevailing party. *Beamon v. Marshall Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005). "The presumption (is difficult to overcome, and the district court's discretion is narrowly confined— the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co., Ltd*., 126 F.3d 926, 945 (7th Cir. 1997). "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id*. Nevertheless, to award costs, the Court "simply needs to determine that expenses are allowable cost items, and that the amounts are reasonable and necessary." *Deimer v. Cincinnati Sub-Zero Prods., Inc*., 58 F.3d 341, 345 (7th Cir. 1995).

Without citation to any legal authority, the Plaintiff appears to argue that the Court should reduce the Defendant's costs by $1,112.04 in charges related to deposition transcripts and

court reporter costs because the costs are unnecessary and unreasonable.[1] Specifically, the Plaintiff disputes the following from the August 9, 2022 invoice: (1) 7 day expedite: $328.24; (2) Condensed transcript: $25.00; (3) Exhibits with Tabs: $52.20; (4) Processing and Compliance: $50.00; and (5) E-Exhibits Color: $115.80. She also disputes the following from the September 22, 2022 invoice: (1) E-Exhibits B & W: $219.00; (2) Condensed Transcript: $25.00; (3) Processing and Compliance: $50.00; and (4) E-Exhibits Color: $1.80. The Plaintiff further disputes 3.5 hours of court reporter time in the amount of $245.00. The Court addresses each disputed cost in turn below.

The Plaintiff objects to the 3.5 hours of court reporter time because the parties agreed to only 7 hours of deposition time, not the 10.5 hours that was billed. This objection has no merit for the following reasons. First, the Plaintiff misstates the record, as the parties agreed to additional deposition time beyond 7 hours because the Plaintiff delayed the first deposition by giving non-responsive answers to the questions of the Defendant's counsel. *See Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008) ("The statute authorizes the award as costs of 'fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.'" (quoting 28 U.S.C. § 1920(2))). Also, the Defendant stated that it needed the deposition transcript for its motion for summary judgment; thus, it was necessarily obtained for use in the case. Moreover, the Court has reviewed the Defendant's invoices and finds that the $70 per hour billed for court reporter time is reasonable, noting that the Plaintiff has not suggested a salient reason why the hourly fee is unreasonable. *See id*. ("Since the reporter cannot make the transcript without attending the

---

[1] Thus, the Plaintiff waives any argument on the unreasonableness or necessity of the Defendant's costs. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

hearing, the separate attendance fee is properly regarded as a component of the fee for the transcript."); *see also Vesey v. Envoy Air, Inc*., No. 4:18-CV-04124, 2020 WL 13682563, at *4 (C.D. Ill. Apr. 30, 2020) (finding the court reporter fee reasonable when the plaintiff suggested no reason for the court to find that it was unreasonable).

As for the processing and compliance costs, the Defendant argues that these were incidental to taking the Plaintiff's deposition. The Plaintiff has not explained why the processing and compliance costs are unnecessary or unreasonable nor cited to any legal authority holding that processing and compliance costs related to a deposition are not recoverable or are unreasonable. Thus, the Court overrules the Plaintiff's objection to the Defendant's processing and compliance costs. *See Harney v. City of Chicago*, 702 F.3d 916, 927 (7th Cir. 2012) (affirming the district court's award of costs for binding deposition transcripts, transferring VHS tapes to DVDs and duplication, and copies of cell phone records when the plaintiffs failed to demonstrate that those costs were unreasonable); *Vesey*, 2020 WL 13682563, at *4 (allowing processing and compliance costs as incidental to taking a deposition).

For the expedited transcripts, the Defendant explains that these were necessary to avoid duplicative questioning in Plaintiff's second deposition, to comply with the discovery closure deadline, and to begin preparing its motion for summary judgment. Again, the Plaintiff has not cited any legal authority holding that expedited transcripts are not recoverable or unreasonable given the circumstances. Thus, the Court overrules the Plaintiff's objection to the Defendant's expedited transcript costs. *See Corder v. Lucent Techs. Inc*., 162 F.3d 924, 929 (7th Cir. 1998) (upholding "fees for expedited transcripts [that] were justified given the discovery and motion schedule . . . set for the case"); *see also Split Pivot, Inc. v. Trek Bicycle Corp*., 154 F. Supp. 3d 769, 774–75 (W.D. Wis. 2015) (finding that it was "not unreasonable for [the defendant] to have

sought . . . expedited transcripts to prepare for summary judgment and trial timely. . . . [because] those expenditures were incurred only when necessary to comply with the court's schedule").

As to the exhibit costs, "[t]he court may tax '[f]ees for exemplification and copies of papers necessarily obtained for use in the case.'" *Haroco, Inc. v. Am. Nat. Bank & Tr. Co. of Chi.*, 38 F.3d 1429, 1441 (7th Cir. 1994) (citing 28 U.S.C. § 1920(4)). Consequently, "the cost of actually preparing the exhibit itself . . . is deemed compensable." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 n.5 (7th Cir. 2000). However, "the cost of conducting the research and analysis eventually reflected in the exhibit . . . is not." *Id*. Here, the invoices appear to show that the costs of the exhibits were related to copying and tabbing the exhibits for the Plaintiff's deposition, and there is no indication that the costs were related to research or analysis. Further, the Plaintiff provides no explanation why the exhibits were unnecessarily used at her deposition or why the exhibit costs were unreasonable, as is her burden. Thus, the Court overrules the Plaintiff's objection to the Defendant's exhibit costs.

Finally, for the condensed transcripts costs totaling $50, these costs are generally not recoverable. *See Ochana v. Flores*, 206 F. Supp. 2d 941, 945 (N.D. Ill. 2002) ("Costs for condensed transcripts are not recoverable."). And, the Defendant provides no explanation why an exception should be made in this case. Accordingly, the Court sustains the Plaintiff's objection to the $50 in costs that the Defendant taxed for condensed transcripts. Consequently, the Court reduces the Defendant's costs by $50.

## CONCLUSION

For the reasons stated above, the Court hereby SUSTAINS in part and OVERRULES in part the Plaintiff's Objection to Motion for Bill of Costs [ECF No. 54] and GRANTS the Defendant's Bill of Costs [ECF No. 52] for an amount different than requested. The Court

reduces the Defendant's costs by $50—the amount that the Defendant taxed for the condensed transcripts—and grants the Defendant costs in the total amount of $4,104.84.

SO ORDERED on June 11, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT